## STATE v. THOMPSON.

A plea, that the defendant has been adjudged a bankrupt since the fraudulent concealment of his property, charged in an indictment under Gen. St., c. 257, s. 2, and that jurisdiction of such offences in all cases where bankruptcy proceedings are commenced is conferred exclusively upon the United States courts, is not a good plea to the jurisdiction.

INDICTMENT, for fraudulently concealing personal estate to the value of one hundred dollars, contrary to the provisions of Gen. St., c. 257, s. 2, on the twenty-third day of February, 1877. The defendant appeared specially, and pleaded that in proceedings begun in the U. S. District Court after the time of the alleged concealment he was adjudged a bankrupt, &c. The court reserved the question whether the state court has jurisdiction.

*H. S. Clark*, for the defendant.

*Greene*, solicitor, for the state.

CLARK, J. Section 5132 of the U. S. Rev. St. punishes "every person respecting whom proceedings in bankruptcy are commenced * * * : First. Who secretes or conceals any property belonging to his

estate ; or  *   *   *  Sixth. Who, with intent to defraud, wilfully and fraudulently conceals from his assignee, or omits from his inventory, any property," &c.   When this section punishes the debtor's pledge or disposal of his goods, committed before proceedings in bankruptcy, it describes the goods as "his," and not as "property belonging to his estate," and limits the time to "three months next before the commencement of proceedings in bankruptcy," and the property to "goods or chattels which have been obtained on credit and remain unpaid for." The concealment of "property belonging to his estate," and the concealment of property from his assignee, which it prohibits, are after the commencement of those proceedings. The previous concealment of his property is an offence which those proceedings do not withdraw from the jurisdiction of the state court.

<em>Case discharged.</em>

Bingham, J., did not sit.